# CRANE COMPANY

## *vs.*

## DRUID REALTY CORPORATION.

*Conditional Acceptance of Order—Completion of Contract—
Evidence.*

Where an order drawn by plumbing contractors in favor of
plaintiff company, for the payment to the latter of part of the
contract price of the plumbing work, was accepted by the prop-
erty owner for whom the work was being done "to be paid in
thirty days from the date of the final completion of said work
in accordance with the provisions of the contract," *held* that
the quoted language made the acceptor's obligation conditional
upon the completion of the work in accordance with the terms
and conditions of the contract as to the character of the work
and materials.                                     pp. 330, 331

On an issue as to whether certain plumbing work had been
completed in accordance with the contract, it was proper to
admit letters from the city health department, disapproving of
the work done, and a letter from the attorney of the property
owner enclosing such letters, addressed to plaintiff company, an
order in favor of whom, drawn by the contractors on the prop-
erty owner, was accepted by such owner conditionally on the
completion of the plumbing work in accordance with the con-
tract.                                             pp. 332, 333

The contract providing that the plumbing work should be
subject to the approval of certain individuals associated with
defendant, evidence as to whether either of these individuals
expressed approval or disapproval of the work was admissible,
as was evidence as to whether defendant complained in regard
thereto.                                              p. 333

It was proper to exclude evidence as to when the apartments
in the building under construction, an apartment house, were
occupied, and also evidence as to the capitalization of defend-
ant company which owned the property, and the names of its
officers and of the stockholders in another company of the same
character.                                            p. 333

On an issue as to whether the plumbing work on an apartment house in course of construction was done in accordance with the specifications in the plumbing contract, an architect of experience, who prepared the plans for the house and the plumbing specifications, and who supervised the work, was properly allowed to testify as to whether certain portions of the work were done in accordance with the requirements and specifications.                                                                     p. 333

Testimony by a plumber and by a city inspector of plumbing, as to conditions found by them as the result of an inspection made some time after the work was done, was admissible in view of the character of the defects found and in view of that which was done in the presence of the witnesses to find them, indicating that such defects existed at the time when the work was done.                                                                     p. 334

Error in overruling an objection to a question, and permitting the witness to answer it, is not available on appeal, if the witness thereafter gave substantially similar testimony without objection.                                                                     p. 334

*Decided January 11th, 1921.*

Appeal from the Superior Court of Baltimore City (DUFFY, J.).

The plaintiff's third prayer was as follows:

"The plaintiff prays the court to instruct itself sitting as a jury that as it appears from the uncontradicted evidence that the defendant by its president executed the written agreement dated October 11th, 1917, sued upon in this case, if the court sitting as a jury finds that the said firm of Lowe & Myers have finally completed the work referred to in said written agreement substantially in accordance with the provisions of the contract between Lowe & Myers and the defendant dated March 14, 1917; and that the defendant had accepted same, and that the plaintiff continued to furnish said Lowe & Myers all of the plumbing material necessary to complete said work, and finds further that the

defendant has not paid the plaintiff the said sum of two thousand dollars ($2,000), nor any part thereof, then the court shall find for the plaintiff for the said sum of two thousand dollars ($2,000), together with interest thereon in the court's discretion, commencing with thirty (30) days from the date of final completion of said work substantially in accordance with the provisions of said contract (if the court sitting as a jury finds said completion), provided that the court sitting as a jury further finds that the reasonable cost of completing the said work strictly in accordance with said contract would not, when charged against said Lowe & Myers, reduce the balance due and owing by the defendant to Lowe & Myers (if the court find such balance) below the sum of $2,000."

The defendant's first prayer was as follows:

"The defendant prays the court to rule as a matter of law that according to the true construction of the order and acceptance for the sum of two thousand dollars ($2,000) offered in evidence it is encumbent upon the plaintiff before it is entitled to recover anything under the eighth count of the declaration to establish to the satisfaction of the court sitting as a jury by a preponderance of the evidence that there remains unexpended in the hands of the defendant a balance of the contract price due by the defendant to the firm of Lowe & Myers under the contract between the defendant and said firm bearing date of the 14th day of March, 1917, referred to in said order and acceptance, and if the court sitting as a jury shall find from the evidence that the fair and reasonable costs during the spring and summer of the year 1918 of correcting defective work performed under said contract (if the court sitting as a jury shall find that defective work was performed) and causing such work to comply with the specifications therefor exceeds the unpaid balance of the contract price under said contract, then, and in that event, the plaintiff is not entitled to recover under said eighth count of the declaration."

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*James Morfit Mullen,* with whom was *T. Howard Embert* on the brief, for the appellant.

*J. Kemp Bartlett* and *J. Kemp Bartlett, Jr.,* with whom were *Benjamin Rosenheim* and *Bartlett, Poe & Claggett* on the brief, for the appellee.

Pattison, J., delivered the opinion of the court.

The Druid Realty Company, the appellee in this Court and the defendant in the lower court, on the 14th day of March, 1917, entered into a contract with the firm of Lowe & Myers for the furnishing of plumbing supplies and fixtures, and for the installing of them in three apartment houses, then in course of construction, known as the "Cordova," "Seville," and "Alhambra," situated on Druid Lake Drive, in the city of Baltimore.

Lowe & Myers bought much of the supplies and fixtures, furnished by them under the contract, from the appellant, the Crane Company, and in October, 1917, they were owing the appellant for such supplies and materials approximately $3,800.

The Crane Company refused to deliver to them anything more until some arrangement was made looking to the payment of said indebtedness. After negotiations participated in by the appellant and appellee, and the firm of Lowe & Myers, the following order and acceptance was executed by Lowe & Myers and the appellee respectively, and delivered to the appellant:

"Baltimore, October 11th, 1917.
    "Mr. Joseph Berman,
        "President of the Druid Realty Company.
    "You are hereby authorized and directed to pay unto Crane Company the sum of two thousand dollars ($2,000.00) for and on account of plumbing material furnished to the three apartments now in the course

of construction on the Lake Drive and Linden Avenue, and the said sum of two thousand dollars ($2,000.00) to be charged and deducted from the contract price for said work, had and entered into with your company and the undersigned under date of the 14th day of March, 1917.

"Lowe & Myers,<br>"Ed. Lowe.

"I, Joseph Berman, President, for and on behalf of the Druid Realty Company, do hereby accept of the above order, the same to be paid within 30 days from the date of the final completion of said work in accordance with the provisions of the contract mentioned in the above order. And will also pay $750.00 when 13 sets of bathroom fixtures with 6 sinks have been installed.

"Provided and upon condition that Crane Company will continue to furnish to Lowe & Myers all of the plumbing material necessary to complete said work.

"The Druid Realty Company,<br>"By Joseph Berman,<br>President.

"Witness:
    "B. Rosenheim."

After the execution of the aforesaid order and acceptance, the appellant delivered more materials and supplies to Lowe & Myers, who continued said work, under said contract with the appellee, until, as they say, it was practically finished. The appellee, however, claimed that Lowe & Myers had not only failed to complete the work under the contract, but that part of the work done by them was defectively done, in consequence of which the appellee had not only to complete such unfinished work, but had also to correct the defective work. While things were in this condition, the appellee was called upon to pay the amounts mentioned in the order. And, upon its refusal to pay the same, the suit in this case was brought upon said order and acceptance.

The declaration contains six of the common counts, and three special counts. The eighth count is upon the accept-

ance as far as it affected the $2,000, and the ninth count is upon the agreement to pay the $750, both of which amounts are mentioned in the order. The case was tried before the judge, sitting as a jury, and at the conclusion of the evidence he refused all the instructions asked for, except the plaintiff's third prayer, and the defendant's first prayer, which the *Reporter* is asked to insert in his report of this case.

The court's ruling upon the prayers, and its action in overruling the plaintiff's special exceptions to the defendant's first prayer, form the fortieth bill of exceptions. The other thirty-nine exceptions are to the ruling of the court upon the admission or rejection of evidence. The court rendered a verdict for the plaintiff for the sum of $840, being the amount ($750) sued for in the ninth count of the declaration, with two years interest thereon.

The plaintiff being aggrieved at the judgment of the court, because of its failure to recover the item of $2,000, sued for in the eighth count of the declaration, has appealed to this Court.

The main question in this case is the proper construction and effect of the language used in the acceptance of the order; and this question is involved not only in the court's rulings upon the granted prayers, but also in its rulings on some of the rejected prayers of the plaintiff, as well as in a number of its rulings upon the evidence.

It is stated in the acceptance of the order that the money mentioned in it was "to be paid within 30 days from the date of the final completion of said work in accordance with the provisions of the contract mentioned in the above order." The plaintiff contends that the effect of the above quoted language is not to create a condition, but "is merely to fix a point of time for payment," which is 30 days from the date of the final completion of the work, without regard to the provisions of the contract as to the quality or the character of the materials furnished, or as to how, or in what manner the work was to be done.

The defendant, on the other hand, contends that the effect of the language is to create a condition upon which the money was to be paid, and that condition was "the final completion of said work in accordance with the provisions of the contract," meaning thereby, that the appellant was not to pay the said sum of $2,000 mentioned in the order until the work was finally completed according to the terms and conditions of the contract as to the character of the supplies and fixtures, and as to the manner and way in which the work was to be done.

An acceptance of an order is conditional by the common law, as well as by the Negotiable Instruments Act, when the payment by the acceptor is dependent upon the fulfillment of the conditions therein stated.    Article 13, Section 160. As stated by JUDGE STORY, "acceptance is conditional or qualified when it contains any qualification, limitation, or condition different from what is expressed on the face of the bill, or from what the law implies upon a general acceptance." *Story on Bills,* Sec. 239; *Eaton & Gilbert on Commercial Paper,* Sec. 153.    When, however, the acceptance is to be conditional only, the condition should be fully expressed by the party proposing the same.    "He is not permitted to use general terms and then exempt himself from liability by relying upon particular facts which may have some connection with the condition expressed, for the reason that the particular fact is of itself susceptible of being made a distinct condition." *United States* v. *Bank,* 15 Peters, 377; *Eaton & Gilbert on Commercial Paper, supra.*

In this case the acceptor, in our opinion, has expressed with sufficient clearness the condition upon which he was to pay the sum of $2,000 mentioned in the order, and has fully met the requirements of the above stated rule.    It is conceded by the appellant that the payment of said amount was dependent upon the completion of the work to be done under the contract, though not dependent upon its being done according to the terms and provisions of the contract.    If this construction be a correct one, then, in executing the accept-

ance, the acceptor waived its right to withhold payment of at least so much of the consideration ($2,000) that was to be paid Lowe & Myers for the supplies and fixtures to be furnished and the work to be done by them, until it was shown that the supplies and fixtures were furnished and the work done in accordance with the terms and provisions of the contract. It is true that the appellee was anxious that the work should go on, but it is hardly probable that he would have accepted the order waiving the right mentioned, after having paid at such time $10,000 on the contract price of $13,000. It was but natural that he should have made the payment of the additional $2,000 upon the completion of the contract, *in accordance with the terms and conditions of the contract.* But whatever may be said of the impelling reason for making the payment of the money dependent upon the conditions stated above, the language used, when properly construed, must be given the meaning contended for by the appellee.

At the time of the execution of the acceptance, the work under the contract was not yet finished, and the acceptor could not at such time have stated with more particularity, or distinctness, the facts upon which its liability to pay said money should depend; its liability, as stated by the acceptance, depending upon the *"completion of the work in accordance with the provisions of the contract."* This language, we think, when properly construed, must be given the meaning contended for by the appellee. To hold, as contended for by the appellant, that "the reference in the acceptance to the Lowe & Myers contract, was merely to fix a point of time," without regard to the proper fulfillment of the provisions of the contract by said firm of Lowe & Myers, is, indeed, we think, too narrow a construction to be given the language used, and this conclusion is not at all inconsistent with the decision in *United States* v. *Bank, supra,* and other cases cited by the appellant.

It is contended, however, that should it be held that the appellee is correct in its contention above stated, even then

the court erred in granting the defendant's first prayer, inasmuch as it ignores the alleged evidence as to certain payments upon the contract price, aggregating $1,700, made by the acceptor to Lowe & Myers, after the execution of the acceptance. The appellant claimed that, had such payments not been made, there would still have been a balance in the hands of the acceptor, after deducting therefrom the amount stated to have been paid in completing and correcting the defective work of Lowe & Myers.

We have very carefully examined the record in connection with the objection to the prayer, and have found no evidence legally sufficient to have been considered by the court, sitting as a jury, in support of such payments. There are statements of witnesses of rather indefinite character as to certain moneys paid by the acceptor to Lowe & Myers after the execution of the acceptance, but it would seem to appear from such statements that these payments were upon extras done by them, and not upon the contract price, from which the $2,000 was to be deducted under the order given. At least, the evidence in respect thereto was not legally sufficient to be considered by the court as tending to show that such payments were made upon the contract price.

The granted prayers, in our opinion, properly state the law of this case, and the special exceptions thereto were properly overruled. The plaintiff's second and fourth prayers relate to the item of $750 sued for in the ninth count of the declaration, for which judgment was recovered in this case. Therefore, the consideration of these prayers is thereby eliminated. And the plaintiff's first, fifth, and sixth prayers were all, we think, properly rejected.

The first exception to the evidence is to the admission of a letter from the appellee's attorney, dated July 15th, 1919, to the appellant, and copies of two other letters contained therein, addressed to the president of the appellee company from the chief inspector of the plumbing division of the Health Department of Baltimore City. These letters, we think,

were properly admitted for the purpose of giving notice that the work had not been done in accordance with the provisions of the contract, for which purpose they were specially offered. And the letters admitted under the second and third exceptions, we also think, were properly admitted under the construction we have given the acceptance in this case. The 4th and 16th exceptions seem to have been abandoned. The 5th, 6th, 7th, 14th, 15th, 35th, 36th, 37th, and 38th exceptions are to the admission of evidence of approval, or disapproval, of either Berman or Bouis, as to the work done by Lowe & Myers, and as to the question whether or not complaint was made to them (Lowe & Myers) by the acceptor as to the character of the work done and materials furnished. This evidence, too, was admissible under the view we take of the case as to the construction of the acceptance of the order.

The court, we think, properly ruled on the 8th, 9th, 13th, and 22nd exceptions, refusing to admit evidence as to when the apartments were occupied, without regard to whether at such time the work was completed in accordance with the provisions of the contract. Nor do we find any error in the court's rulings on the 10th and 11th and 12th exceptions, where it refused to admit evidence as to the capitalization of the Druid Realty Company, and as to who were its officers, and as to who were the stockholders of the Lyon Realty Company. This evidence, we think, had no bearing upon the issues and was properly rejected.

The 17th, 18th, 19th, 20th, and 21st were all taken to questions asked the witness, Russell, whether or not certain portions of the work done under the contract of March 14th, 1917, by Lowe & Myers, was done by them in accordance with the requirements and specifications. The court's action in permitting him to testify to the same, we think, was correct in view of his connection with the work and his knowledge of it. Nor do we see any reversible error, if any, in the court's ruling on the 23rd exception.

The 24th, 31st, and 32nd exceptions are to the rulings of the court in admitting evidence of Wigley and Kearsey as to conditions found by them as the result of an inspection made some time after the work was done. This evidence, we think, was admissible in view of the character of the defects found and in view of that which was done in the presence of the witness in order to find them, indicating that such defects existed at the time when the work was done. Nor do we find any reversible error in the court's rulings on the 25th and 30th exceptions, in view of the provisions of the contract by which the work was done. The evidence admitted on the 26th, 27th, 28th, and 29th exceptions, we think, is admissible, taken in connection with the other testimony offered in the case. In the 33rd exception, the witness, Melville, was asked: "What in your opinion would it have cost the Druid Realty Company, in the spring of 1918, to have remedied the defects noted in these lists?" offered in evidence. There was an objection made to this question, and the objection was overruled and he was permitted to answer. In his answer he said: "Well, I was figuring today what it would cost, not in 1918." And then a number of questions and answers followed; when he was finally asked, what it would cost today. This question, it seems, was not objected to; if so, no exception was taken to the ruling of the court in admitting it, as appears from the record. Nor do we see any error in the court's ruling on the 39th exception, where the motion was made to strike out the testimony of Melville, at the conclusion of his evidence. And the same may be said of the court's ruling on the 34th exception.

Therefore, as we have found no error in the rulings of the court, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*